```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


JOYCE COOPER,                    )
                                 )
             Plaintiff,          )
                                 )
     v.                          )   No. 13 C 4413
                                 )
BOARD OF EDUCATION OF THE        )
CITY OF CHICAGO and SEAN         )
STALLING,                        )
                                 )
             Defendants.
```

MEMORANDUM OPINION AND ORDER

Joyce Cooper has filed a nine count amended complaint against the Board of Education of the City of Chicago ("Board") and her former supervisor, Sean Stalling ("Stalling"), asserting various claims relating to her termination as the principal of Emil G. Hirsch Metropolitan High School ("Hirsch High School") in October 2012.

Stalling has moved to dismiss Count VII of Cooper's complaint, which alleges that he tortiously interfered with her employment contract. I deny Stalling's motion to dismiss for the reasons stated below.

I.

In resolving the present motion, I must accept all well-pled allegations as true and draw all reasonable

inferences in Cooper's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Hirsch High School was on probationary status when Cooper became the principal starting in January 2006. *See* Dkt. No. 12 ("Am. Compl.") at ¶¶ 13, 15. In September 2009, Cooper and the Board signed an employment contract appointing her to a second term as the principal at Hirsch High School from July 1, 2010 to June 30, 2014. *Id*. at ¶ 16. Under the contract, the Board could terminate Cooper's employment before her term expired to the extent permitted by state laws governing underperforming schools. *Id*. at ¶ 18 (citing 105 ILCS §§ 5/34-8.3 – 8.4).

Stalling, who served as Chief of Schools for the South Side High School Network, became Cooper's direct supervisor starting in August 2011. *Id.* at ¶¶ 30-31. On March 30, 2012, Stalling issued a Corrective Action Plan to Cooper identifying several performance deficiencies she needed to remedy. *Id*. at ¶¶ 36-38. The Board issued a corresponding Warning Resolution to Cooper on April 25, 2012 based upon the deficiencies identified in the Corrective Action Plan. *Id*. at ¶43. Cooper disputes that her performance was deficient in any way. *Id.* at ¶ 42.

On July 31, 2012, Stalling issued a follow-up report to Cooper stating that she had not complied with the Corrective

Action Plan. *Id*. at ¶ 44. After a hearing to determine whether Cooper's removal as principal was an appropriate remedy to correct Hirsch High School's deficiencies, *see* 105 ILCS § 5/34-8.3(d), the Board terminated Cooper's employment on or around October 27, 2012 because of her failure to remedy the deficiencies Stalling had identified. *Id*. at ¶¶ 45-46, 49.

In Count VII of the present lawsuit, Cooper alleges that Stalling tortiously interfered with her employment contract by basing his recommendations on "improper personal motives, including but not limited to installing friends and girlfriends as principals of CPS high schools following the ouster of principals like Dr. Cooper[.]" *Id*. at ¶ 114.

Stalling has moved to dismiss Count VII on the ground that it fails to state a claim upon which relief may be granted.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A

---

[1] The Board cites *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997), for the proposition that a complaint should be dismissed if "it is clear that no relief could be granted

claim is "plausible" when "the plaintiff...give[s] enough details about the subject matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

"In order to state a cause of action for tortious interference with a contract, the plaintiff must allege: (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) defendant's awareness of the contract; (3) defendant's intentional and unjustified inducement of a breach; (4) defendant's wrongful conduct caused a subsequent breach of the contract by the third party; and (5) damages." *Purmal v. Robert N. Wadington and Assoc.*, 820 N.E.2d 86, 98 (Ill. App. Ct. 2004). With respect to the third element, a tortious interference claim "may only be premised on acts immediately directed at a third party which cause that party to breach its contract with the plaintiff." *George A. Fuller Co. v. Chicago Coll. of Osteopathic Medicine*, 719 F.3d 1326, 1331 (7th Cir. 1983) (citing *Mitchell v. Weiger*, 409 N.E.2d 38, 41 (Ill. App. Ct. 1980)).

---

under any set of facts that could be proved consistent with the allegations." *Id*. at 357 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))). The Supreme Court has expressly overruled the "no set of facts" standard from *Conley*. *See Twombly*, 550 U.S. at 561-63.

Corporate officers like Stalling "cannot be held liable for tortiously interfering with a contract of their employer as long as [their actions] are 'in accord with [their] usual and customary duties on behalf of the corporation.'" *Borowski v. DePuy, Inc.*, 850 F.2d 297, 302-3 (7th Cir. 1988) (quoting *Worrick v. Flora*, 272 N.E.2d 708, 711 (Ill. App. Ct. 1971)). This conditional privilege disappears, however, when a corporate employee "induce[s] [a] breach to further [his] personal goals or to injure the other party to the contract, *and* act[s] contrary to the best interest of the corporation." *Fuller*, 719 F.3d at 1333 (applying Illinois law) (emphasis in original).[2]

Stalling seeks dismissal of Count VII on the grounds that Cooper has failed to plead that his actions (1) did not serve the Board's interests and (2) were directed at the Board rather than Cooper. Neither argument has merit.

---

[2] The Seventh Circuit has suggested that a corporate employee who induces his employer to breach a contract to further personal goals or injure the other contracting party necessarily acts contrary to his employer's best intersts. *See Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995) ("Directors and officers are not justified in acting solely for their own benefit or solely in order to injure the plaintiff *because* such conduct is contrary to the best interests of the corporation." (emphasis added)).

A.

Cooper's allegations are straightforward: Stalling issued a Corrective Action Plan falsely accusing her of performance deficiencies because he wanted the Board to fire her so he could install a friend or girlfriend as the principal at Hirsch High School. Am. Compl. at ¶¶ 36-37, 41-42, 114. These allegations are not mere legal conclusions. *Cf. Worrick*, 272 N.E.2d at 711 (affirming dismissal of tortious interference claim where complaint was "entirely lacking in any facts from which it [could] be reasonably inferred that [corporate officer] was acting other than in accord with his usual and customary duties [on] behalf of the corporation"). Nor is there anything facially inconsistent about Cooper's allegations that the Board acted through Stalling, who acted contrary to the Board's interests when attempting to replace Cooper with one of his friends or girlfriends.

Accepting Cooper's allegations as true, Stalling's conduct plainly furthered his personal goals and was contrary to the Board's interests. *See Hamros v. Bethany Homes and Methodist Hosp. of Chicago*, 894 F.Supp. 1176, 1181 (N.D. Ill. 1995) (holding that human resources manager who allegedly back-dated plaintiff's application for medical leave to induce termination could be sued for tortious

interference because alleged actions were contrary to employer's best interests).

### B.

Stalling's final argument is that Count VII should be dismissed because his allegedly tortious conduct was directed at Cooper rather than the Board. *See Mitchell*, 409 N.E.2d at 41 ("[I]nducement to breach [a] contract involves acts aimed at parties other than a plaintiff.").

Although Stalling issued a Corrective Action Plan and follow up report to Cooper in the first instance, she alleges that the Board relied on these documents as the basis for issuing a Warning Resolution and later terminating her employment. Am. Compl. at ¶¶ 43, 46. In other words, Stalling was "the driving force" behind the Board's alleged breach of its employment contract with Cooper. *Id*. at ¶ 115. Accepted as true, these allegations show that Stalling directed his actions at the Board for the purpose of inducing a breach. The fact that Cooper also received a copy of the Corrective Action Plan and follow up report does not render Count VII facially defective.

### III.

Stalling's motion to dismiss Count VII is DENIED for the reasons stated above.

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

Dated: October 30, 2013